IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0510 |
| | : | |
| CIPRIANI & WERNER, PC and<br>SALVATORE VILARDI,<br>　　Defendants. | :<br>:<br>: | |

## MEMORANDUM

**PEREZ, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 19, 2024**

　　James Mosley, a frequent litigator in this Court, has filed a Complaint *pro se* against Cipriani & Werner, PC and Salvatore Vilardi asserting federal question discrimination claims.[1] Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.　　FACTUAL ALLEGATIONS**[2]

　　Briefly stated, Mosley alleges that he "sustained discrimination" and constitutional violations when the Defendants, a law firm and an attorney with that law firm representing

---

[1] In addition to this case, Mosley has filed at least ten other *pro se* civil actions in this Court since 2022. *See Mosley v. Huggins*, No. 22-5212; *Mosley v. Bank of Am.*, No. 23-30; *Mosley v. Jensen Bagnato, P.C.*, No. 23-562; *Mosley v. Ten Penn Center*, No. 23-813; *Mosley v. City of Philadelphia*, No. 22-1665; *Mosley v. City of Philadelphia*, No. 23-2248; *Mosley v. Bagnato*, No. 23-2996; *Mosley v. Starbucks Corp.*, No. 23-4000; *Mosley v. Bartle*, No. 23-4169; *Mosley v. Young*, No. 24-504. All but one of those cases that has already been resolved, No. 22-5212, were dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and attached exhibits. The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

Starbucks, "tamper[ed] with evidence [by] altering an official legal document" when they filed a motion *in limine* in a case Mosley filed in the Court of Common Pleas of Philadelphia County styled *Mosley v. Ten Penn Center*, No. 220200126 (C.P. Philadelphia). (Compl. at 2-3, 5-10.) The motion sought to preclude Mosley from showing or referencing a portion of an incident report prepared by a Starbucks employee wherein an incident involving Mosley is described as an "indecent exposure" incident. (Compl. at 13.) The unredacted version of the report indicates that a man was sleeping in the Starbucks location, claimed to an employee that he hit his nose, asked for the key to the bathroom, and then asked for a bandage. (*Id.*) Apparently, Mosley bases his claims against the Defendants on their request to the Common Pleas Court to redact the "indecent exposure" notation from the report. (*See id.* at 15.) He claims in a handwritten note on a copy of the redacted version that "Salvatore Vilardi Starbucks Attorney tampered with incident type blacked out. VOID!" (*Id.*) Mosley alleges that Vilardi's act violated his right to be heard in the state court case, for which he seeks $25 million in damages. (Compl. at 3.)

II.     **STANDARD OF REVIEW**

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences

in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Mosley asserts that Cipriani & Werner and Attorney Vilardi discriminated against him and violated his constitutional rights while representing their client in a case filed by Mosley in state court. These claims are not plausible and are dismissed with prejudice.

Since Mosley seeks to invoke the Court's federal question jurisdiction to raise constitutional claims, his claims are considered under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983, "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under §

1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Mosley's constitutional claims against Cipriani & Werner, PC and Attorney Vilardi are not plausible because a law firm and an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – are not state actors for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, neither Defendant can be liable for alleged constitutional violations.

Mosley's additional claim that the Defendants discriminated against him is also not plausible. The Court understands Mosley's use of the word discrimination to be an attempt to raise a statutory discrimination claim in addition to any constitutional claims. Since Mosley's

claim does not involve employment or any other subject covered by federal anti-discrimination statutes, his claim is most correctly understood to allege a violation of 42 U.S.C. § 1981, which provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981. "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.*, make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015)).

Mosley does not allege he is a member of a racial minority in his Complaint.[3] He also does not specifically allege the Defendants discriminated against him on the basis of race when they filed the motion in state court. Finally, although the alleged act of discrimination involved the Defendants' actions in a state court lawsuit, there is no allegation that the alleged

---

[3] The incident report Mosley attached to the Complaint states that the incident involved "a tall Black man." (Compl. at 13, 15.) But the report does not mention Mosley by name. Moreover, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

discrimination concerned Mosley's ability to sue in state court. To the contrary, the fact that the case was being litigated conclusively establishes that Mosley was able to bring his suit. As the United States Supreme Court has stated, § 1981 "embraces protection of a legal process, and of a right of access to legal process . . . without regard to race." *Patterson v. McLean Credit Union*, 491 U.S. 164, 177 (1989). Since Mosley was able to access legal process, any discrimination claim under § 1981 is not plausible.

## IV.  CONCLUSION

For the stated reasons, Mosely's Complaint is dismissed in its entirety. His constitutional and statutory claims are dismissed with prejudice since any attempt at amendment would prove futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate dismissal Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

_____
**MIA R. PEREZ, J.**